**INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL–CIO and Earl Crabtree**

v.

**COOK MACHINERY CO., Inc.**

**Civ. A. No. CA–3–1311.**

United States District Court
N. D. Texas,
Dallas Division.
June 14, 1966.

Marvin Menaker, Dallas, Tex., for plaintiffs.

Thompson, Knight, Simmons & Bullion, by William H. Neary, Dallas, Tex., for defendant.

## FINAL JUDGMENT

HUGHES, District Judge.

On this the 14th day of June, 1966 came on to be heard the above entitled and numbered civil action wherein International Union of Electrical, Radio and Machine Workers, AFL–CIO and Earl Crabtree are plaintiffs and Cook Machinery Co., Inc. is defendant; the Court having considered the respective motions for summary judgment filed herein by plaintiffs and defendant, the pleadings and briefs of the parties and supporting affidavit and deposition, is of the opinion that plaintiffs' motion should be overruled and that defendant's motion should be sustained.

The Court finds the undisputed facts to be that the grievance article of the labor agreement between Cook Machinery Co. and International Union of Electrical, Radio and Machine Workers, AFL–CIO and its Local Union No. 785 reflects the parties' intention to assign the processing of day to day grievances to the Local Union, the International's role being to assist the Local Union when requested to do so by the Local and when authorized by the said agreement; all grievances occurring prior to the one involved in this suit were handled by the Local Union and not the International; long prior to the grievance involved in this suit the Local Union was certified by the National Labor Relations Board as the exclusive representative, for purposes of collective bargaining, of all production employees of the defendant; the labor agreement between Cook Machinery Co. and the International Union of Electrical, Radio and Machine Workers, AFL–CIO and its Local Union No. 785 does not authorize an individual employee to invoke arbitration (Black-Clawson Co., Paper Mach. Division v. International Association of Machinists, 313 F.2d 179 (2d Cir. 1962)); nor does the labor agreement invest the International Union with that right; the agreement does authorize the Local Union to request the submission of a grievance to arbitration; the plaintiff Earl Crabtree abandoned the labor agreement by requesting the International Union to seek arbitration in his behalf; he did not request the Local Union to seek arbitration as provided by the labor agreement and therefore did not exhaust his administrative remedy (Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965)); there is no evidence that the plaintiff Crabtree requested the Local Union to seek arbitration or that it would have refused if requested.

It is accordingly ordered, adjudged and decreed by the Court that Plaintiffs' Motion for Summary Judgment be and the same is hereby overruled and that Defendant's Motion for Summary Judgment be and the same is hereby sustained, and that this cause be in all things dismissed at plaintiffs' cost, to which judgment of the Court plaintiffs except.